IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT INC. | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| J. BUTLER ENTERPRISE, INC., JAMES A. BUTLER, MICHAEL RUCKER, JACK BUTLER, and BUTLER COUNTY TOOL RENTAL, LLC | § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW FINANCIAL FEDERAL CREDIT INC., a Texas corporation, hereinafter called Plaintiff, complaining of J. BUTLER ENTERPRISE, INC., an Ohio corporation, JAMES A. BUTLER, an individual residing in the State of Ohio, MICHAEL RUCKER, an individual residing in the State of Ohio, JACK BUTLER, an individual residing in the State of Ohio, and BUTLER COUNTY TOOL RENTAL, LLC, an Ohio limited liability company, hereinafter referred to as Defendants, and in support thereof would respectfully show the Court as follows:

**JURISDICTION AND VENUE**

1.  This Court has original jurisdiction under 28 U.S.C. 1332(a)(2) in that this is a civil action between citizens or subjects of different states and the matter in controversy exceeds seventy-five thousand dollars, exclusive of costs and interest.

2. Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. 1391 (a) and (c) in that it is founded upon written contracts expressly providing for venue in, and performable in, this District.

## PARTIES

3. Plaintiff is a corporation organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.

4. Defendant, J. BUTLER ENTERPRISE, INC., is a corporation duly organized under the laws of the State of Ohio, and may be served with process in this case by and through its registered agent for service, Jack D. Butler, 2509 Jackson Road, Hamilton, Ohio 45011.

5. Defendant, JAMES A. BUTLER, is an individual residing in the State of Ohio, and may be served with process in this case at his agreed address for notice of 2541, Jackson Road, Overpeck, Ohio 45011.

6. Defendant, MICHAEL RUCKER, is an individual residing in the State of Ohio, and may be served with process in this case at his agreed address for notice of 10224 Pippen Road, Cincinnati, Ohio 45231.

7. Defendant, JACK BUTLER, is an individual residing in the State of Ohio, and may be served with process in this case at his agreed address for notice of 2509 Jackson Road, Overpeck, Ohio 45055.

8. Defendant, BUTLER COUNTY TOOL RENTAL, LLC, is a limited liability company duly organized under the laws of the State of Ohio, and may be served with

process in this case by and through its registered agent for service, Jack D. Butler, 2541 Jackson Road, Hamilton, Ohio 45011.

## BACKGROUND

9. On or about September 30, 2002, Plaintiff provided financing to J. BUTLER ENTERPRISE, INC. ("ENTERPRISE") for the acquisition and/or purchase of equipment. JAMES A. BUTLER, MICHAEL RUCKER, JACK BUTLER, and BUTLER COUNTY TOOL RENTAL, LLC ("TOOL RENTAL") guarantied payment and performance of all of the obligations of SALES to Plaintiff. ENTERPRISE, JAMES A. BUTLER, MICHAEL RUCKER, JACK BUTLER, and TOOL RENTAL have defaulted on their obligations to Plaintiff by failing to make monthly installments when due.

10. On or about September 30, 2002, ENTERPRISE executed and delivered to Plaintiff a Promissory Note in the original amount of $170,520.00 (the "Note"). The Note was to be paid in thirty-nine (39) monthly installments as more fully set forth in the Note, commencing on October 25, 2002, and continuing on the same day of each month thereafter until paid in full.

11. The Note was secured by a Security Agreement (the "Security Agreement") executed simultaneously therewith wherein ENTERPRISE granted Plaintiff a security interest in all that certain equipment more particularly described on Schedule "A" to the Security Agreement (the "Equipment"), as well as a blanket security interest in all goods, inventory, equipment, accounts, accounts receivable, chattel paper, documents, instruments, contract rights, general intangibles, investment property, securities entitlements, deposit accounts, fixtures and other property, wherever located, now or

hereafter belonging to ENTERPRISE or in which ENTERPRISE has any interest, and in all proceeds, additions and accessions of and/or to all of the foregoing.

12. Plaintiff perfected its security interest arising from the Note and the Security Agreement by filing UCC-1 financing statements in all appropriate jurisdictions and locations.

13. By Collateral Substitution Agreement dated October 21, 2002, ENTERPRISE and Plaintiff agreed to a partial substitution of collateral (the "Added Collateral").

14. Plaintiff perfected its security interest arising from the Collateral Substitution Agreement by filing UCC-1 financing statements in all appropriate jurisdictions and locations, and by recording its lien on the titles of the Added Collateral.

15. The Note and Security Agreement provide for acceleration of all indebtedness due under the terms of the Note in the event of default by ENTERPRISE under any of its obligations to Plaintiff.

## GUARANTY

16. On or about September 30, 2002, JAMES A. BUTLER executed and delivered to Plaintiff a continuing guaranty of the obligations of ENTERPRISE. The Guaranty formed part of the consideration for Plaintiff accepting and funding the Note, and Plaintiff relied on the Guaranty in doing so.

17. The Guaranty provides that JAMES A. BUTLER agrees to be directly and unconditionally liable to Plaintiff, without reduction by reason of any defense, setoff or counterclaim, for the due payment and performance of all obligations of ENTERPRISE to

Plaintiff. The Guaranty further provides that the liability of JAMES A. BUTLER to Plaintiff is direct and unconditional and may be enforced against ENTERPRISE without prior resort to any other right, remedy or security and shall continue notwithstanding any repossession or other disposition of security regardless of whether same may be an election of remedies against ENTERPRISE, that the liability of JAMES A. BUTLER to Plaintiff shall not be released, impaired, or satisfied for any reason until all obligations of ENTERPRISE to Plaintiff have been fully paid and performed, with interest, and that JAMES A. BUTLER will pay Plaintiff's reasonable attorney fees if the Guaranty is referred to an attorney for enforcement, together with any and all court costs and expenses. All notices to which JAMES A. BUTLER may be entitled, including but not limited to presentment, demand, notice of intent to accelerate, notice of acceleration and protest, are expressly waived by the terms of the Guaranty.

18.     On or about September 30, 2002, MICHAEL RUCKER executed and delivered to Plaintiff a continuing guaranty of the obligations of ENTERPRISE. The Guaranty formed part of the consideration for Plaintiff accepting and funding the Note, and Plaintiff relied on the Guaranty in doing so.

19.     The Guaranty provides that MICHAEL RUCKER agrees to be directly and unconditionally liable to Plaintiff, without reduction by reason of any defense, setoff or counterclaim, for the due payment and performance of all obligations of ENTERPRISE to Plaintiff. The Guaranty further provides that the liability of MICHAEL RUCKER to Plaintiff is direct and unconditional and may be enforced against ENTERPRISE without prior resort to any other right, remedy or security and shall continue notwithstanding any

repossession or other disposition of security regardless of whether same may be an election of remedies against ENTERPRISE, that the liability of MICHAEL RUCKER to Plaintiff shall not be released, impaired, or satisfied for any reason until all obligations of ENTERPRISE to Plaintiff have been fully paid and performed, with interest, and that MICHAEL RUCKER will pay Plaintiff's reasonable attorney fees if the Guaranty is referred to an attorney for enforcement, together with any and all court costs and expenses. All notices to which MICHAEL RUCKER may be entitled, including but not limited to presentment, demand, notice of intent to accelerate, notice of acceleration and protest, are expressly waived by the terms of the Guaranty.

20.     On or about September 30, 2002, JACK BUTLER executed and delivered to Plaintiff a continuing guaranty of the obligations of ENTERPRISE. The Guaranty formed part of the consideration for Plaintiff accepting and funding the Note, and Plaintiff relied on the Guaranty in doing so.

21.     The Guaranty provides that JACK BUTLER agrees to be directly and unconditionally liable to Plaintiff, without reduction by reason of any defense, setoff or counterclaim, for the due payment and performance of all obligations of ENTERPRISE to Plaintiff. The Guaranty further provides that the liability of JACK BUTLER to Plaintiff is direct and unconditional and may be enforced against ENTERPRISE without prior resort to any other right, remedy or security and shall continue notwithstanding any repossession or other disposition of security regardless of whether same may be an election of remedies against ENTERPRISE, that the liability of JACK BUTLER to Plaintiff shall not be released, impaired, or satisfied for any reason until all obligations of

ENTERPRISE to Plaintiff have been fully paid and performed, with interest, and that JACK BUTLER will pay Plaintiff's reasonable attorney fees if the Guaranty is referred to an attorney for enforcement, together with any and all court costs and expenses. All notices to which JACK BUTLER may be entitled, including but not limited to presentment, demand, notice of intent to accelerate, notice of acceleration and protest, are expressly waived by the terms of the Guaranty.

22. On or about September 30, 2002, TOOL RENTAL executed and delivered to Plaintiff a continuing guaranty of the obligations of ENTERPRISE. The Guaranty formed part of the consideration for Plaintiff accepting and funding the Note, and Plaintiff relied on the Guaranty in doing so.

23. The Guaranty provides that TOOL RENTAL agrees to be directly and unconditionally liable to Plaintiff, without reduction by reason of any defense, setoff or counterclaim, for the due payment and performance of all obligations of ENTERPRISE to Plaintiff. The Guaranty further provides that the liability of TOOL RENTAL to Plaintiff is direct and unconditional and may be enforced against ENTERPRISE without prior resort to any other right, remedy or security and shall continue notwithstanding any repossession or other disposition of security regardless of whether same may be an election of remedies against ENTERPRISE, that the liability of TOOL RENTAL to Plaintiff shall not be released, impaired, or satisfied for any reason until all obligations of ENTERPRISE to Plaintiff have been fully paid and performed, with interest, and that TOOL RENTAL will pay Plaintiff's reasonable attorney fees if the Guaranty is referred to an attorney for enforcement, together with any and all court costs and expenses. All

notices to which TOOL RENTAL may be entitled, including but not limited to presentment, demand, notice of intent to accelerate, notice of acceleration and protest, are expressly waived by the terms of the Guaranty.

## DEFAULT

24. Plaintiff is the owner and holder of the Note, the Security Agreement, and each Guaranty, and is the party entitled to payment thereof. Plaintiff fully performed all of its duties and obligations under the terms of the Note, the Security Agreement, and each Guaranty.

25. ENTERPRISE defaulted by failing to make payments as promised in the Note. ENTERPRISE has failed to make payments as promised and defaulted in payment of the monthly installments which fell due May 25, 2004.

26. As a result, as of October 21, 2004, there is past due and owing from SALES on the Note a total of $26,170.00, plus late charges of $2,505.30. Plaintiff has exercised its option to accelerate the unpaid balance of the indebtedness due under the Note for a total indebtedness of $92,327.35 as of October 21, 2004.

27. ENTERPRISE is liable to Plaintiff for all sums owing under the terms of the Note and the Security Agreement. Plaintiff is entitled to judgment against ENTERPRISE in the amount of $92,327.35 as of October 21, 2004, plus additional interest and late charges in accordance with the terms of the Note and the Security Agreement.

28. JAMES A. BUTLER, MICHAEL RUCKER, JACK BUTLER, and TOOL RENTAL, as Guarantors, are liable to Plaintiff for all sums owing under the terms of the

Note, the Security Agreement, and each Guaranty. Plaintiff is entitled to judgment against JAMES A. BUTLER, MICHAEL RUCKER, JACK BUTLER, and TOOL RENTAL in the amount of $92,327.35 as of October 21, 2004, plus additional interest and late charges in accordance with the terms of the Note, the Security Agreement, and each Guaranty.

## INTEREST

29. The Note, the Security Agreement, and each Guaranty expressly provide that, upon the occurrence of an event of default, interest shall accrue on the balance due at the maximum rate allowed by law. The maximum rate allowed by law is eighteen percent (18%) per annum.

30. ENTERPRISE is responsible for all sums due under the terms of the Note and the Security Agreement, including interest as set forth above, for which Plaintiff here sues.

31. JAMES A. BUTLER, MICHAEL RUCKER, JACK BUTLER, and TOOL RENTAL, as Guarantors, are responsible for all sums due under the terms of the Note, the Security Agreement, and each Guaranty, including interest as set forth above, for which Plaintiff here sues.

## ATTORNEY FEES

32. The Note, the Security Agreement, and each Guaranty expressly provide that Plaintiff is entitled to recover its attorney fees, for which attorney fees Plaintiff here sues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court that Defendants, J. BUTLER ENTERPRISE, INC., JAMES A. BUTLER, MICHAEL RUCKER, JACK BUTLER, and BUTLER COUNTY TOOL RENTAL, LLC, be cited to appear and file answer herein, and on final hearing hereof, that Plaintiff, FINANCIAL FEDERAL CREDIT INC., does have and recover of and from Defendants, J. BUTLER ENTERPRISE, INC., JAMES A. BUTLER, MICHAEL RUCKER, JACK BUTLER, and BUTLER COUNTY TOOL RENTAL, LLC, as follows:

a) Judgment in the amount of $92,327.35;

b) Interest thereon at the rate of eighteen percent (18%) per annum from and after October 21, 2004, until the date of judgment;

c) reasonable attorney fees, post-judgment interest as provided by law;

d) and all costs of court;

and for such other and further relief to which Plaintiff may show itself to be justly entitled.

FINANCIAL FEDERAL CREDIT INC.

Robert Grawl, Jr., Assistant General Counsel
State Bar No: 08313400 / SDOT No. 14141
Blair A. Bruce, Associate Counsel
State Bar No: 00792376 / SDOT No. 19929
1300 Post Oak Blvd., Suite 1300
Houston, Texas 77056
Telephone (713) 439-1177
Telecopier (713) 386-0337